**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-01263-NYW-KAS

KEN SCRIBNER,

      Plaintiff,

v.

DURANGO COCA-COLA BOTTLING COMPANY,

      Defendant.

---

## ORDER ON MOTION TO DISMISS

---

This matter is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion" or "Motion to Dismiss"), [Doc. 14]. The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire case file, and concludes that oral argument would not materially assist in the resolution of the Motion. For the reasons set forth below, the Motion to Dismiss is respectfully **DENIED**.

## BACKGROUND

The Court draws the following factual background from the First Amended Complaint and Jury Demand (the "Amended Complaint"), [Doc. 10], and presumes the well-pleaded allegations are true for purposes of this Order. Plaintiff Ken Scribner ("Plaintiff" or "Mr. Scribner") was previously employed by Defendant Durango Coca-Cola Bottling Company ("Defendant" or "Durango Coca-Cola") as a district sales manager. [*Id.* at ¶ 1]. Due to staffing shortages, Mr. Scribner was required to stock shelves, which is not a task within the typical scope of a sales manager's duties. [*Id.* at ¶¶ 12–14, 18]. In 2017, Mr. Scribner had a conversation with his

supervisor, David Gallegos ("Mr. Gallegos"), in which he informed Mr. Gallegos that he felt "too old" to be performing physical work tasks outside of his job description, which are typically performed by younger employees. [*Id.* at ¶ 20]. Mr. Gallegos "agreed and responded that he also felt too old to be performing that type of work." [*Id.*].

Later that year, Mr. Scribner suffered a mild back strain and was seen by a worker's compensation doctor for that injury. [*Id.* at ¶ 22]. Durango Coca-Cola was aware of this injury, but continued to require Mr. Scriber to do physical labor outside of the description of his sales manager position. [*Id.* at ¶ 23]. Then, on or about November 28, 2017, while performing physical tasks at work, Mr. Scribner suffered sudden severe back pain with a persistent spasm and intermittent leg pain. [*Id.* at ¶ 24]. He reported his injury and received treatment from a worker's compensation doctor. [*Id.* at ¶¶ 25–26]. He continued to suffer "persistent, moderately severe, chronic lower back pain, with foot tingling and limited range of motion" due to his back injury and became "severely depressed" due to his reduced activity and chronic pain. [*Id.* at ¶¶ 27–28].

On or about December 20, 2017, Mr. Scribner returned to work with certain restrictions: Plaintiff was limited to sedentary work, had to change his position frequently, could occasionally bend, and could lift and carry up to five pounds. [*Id.* at ¶ 30]. He was also limited to working four hours per day on non-sequential days. [*Id.*]. Throughout 2018, Plaintiff's work restrictions were periodically reduced, and Durango Coca-Cola received notice of each of these modifications. [*Id.* at ¶¶ 31–36, 39]. Durango Coca-Cola "immediately" approved each of the modifications without discussion with Mr. Scribner. [*Id.* at ¶¶ 39–40]. On or about June 27, 2019, Defendant was notified by Plaintiff's physician that Plaintiff had reached maximum medical improvement and that Plaintiff's lifting restrictions, then limited to thirty pounds, would be converted from temporary to permanent. [*Id.* at ¶ 38]. Durango Coca-Cola did not express any concern to Mr. Scribner about

his ability to perform the essential functions of his job, raise any concern about his work performance in general, or offer him a different role to accommodate his permanent disability. [*Id.* at ¶ 40].

On or about July 12, 2019, Mr. Scribner was terminated on the basis that Durango Coca-Cola could not modify the district sales manager job description to accommodate Mr. Scribner's permanent work restrictions. [*Id.* at ¶ 44]. Although Defendant held a meeting with all of its district managers and Mr. Gallegos to update the job description of a district sales manager in March 2019, Plaintiff never received an updated job description that included physical requirements. [*Id.* at ¶¶ 37, 43]. In addition, Defendant did not engage in the interactive process with Plaintiff to determine which essential functions of his job he could not perform, and whether reasonable accommodations were available to Plaintiff. [*Id.* at ¶ 47].

Mr. Scribner was 48 years old at the time of his termination. [*Id.* at ¶ 80]. Mr. Scribner alleges that he was replaced by a "much younger, less experienced, nondisabled employee." [*Id.* at ¶ 48]. Mr. Scribner also alleges that, on information and belief, he was "replaced by an employee in their 30s because [Defendant] viewed a younger employee as being better able to perform the physical work that Plaintiff was being required to perform despite not being included in his job description." [*Id.* at ¶ 52].

Mr. Scribner initiated this lawsuit on May 19, 2023, [Doc. 1], and filed the Amended Complaint on July 31, 2023, [Doc. 10].[1] He asserts four causes of action against Defendant:

---

[1] In its Motion to Dismiss, Defendant implies that Plaintiff's Amended Complaint is procedurally improper. *See* [Doc. 14 at 2–3 n.2 ("[W]ithout obtaining leave of Court or Defendant's written consent as required under F.R.C.P. 15(a)(2), Plaintiff filed his First Amended Complaint . . . .")]. Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within 21 days of service or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "Where a

(1) discrimination under the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), and the Colorado Anti-Discrimination Act ("CADA"); (2) a failure-to-accommodate claim under the ADA, ADAAA, and CADA; (3) retaliation under the ADA, ADAAA, and CADA; and (4) age discrimination under the Age Discrimination in Employment Act ("ADEA") and CADA.  [*Id.* at ¶¶ 53–83].  On August 11, 2023, Durango Coca-Cola filed its Motion to Dismiss, seeking to dismiss only Mr. Scribner's fourth cause of action—the age discrimination claim—under Rule 12(b)(6).  *See generally* [Doc. 14].  The Motion is fully briefed, *see* [Doc. 16; Doc. 21], and the Court considers the Parties' arguments below.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a

---

responsive pleading is required, the 21-day deadline to amend is not triggered until service of a responsive pleading or Rule 12 motion."  *Croucier v. Credit One Bank, N.A.*, No. 18-cv-20-MMA (JMA), 2018 WL 2836889, at *2 (S.D. Cal. June 11, 2018).  Mr. Scribner's original Complaint was filed on May 19, 2023, [Doc. 1], and after Defendant waived service, its answer was due July 29, 2023, [Doc. 6].  On July 28, 2023, prior to any answer or motion filed by Defendant, Plaintiff attempted to file his Amended Complaint.  [Doc. 8].  His filing did not comply with the Local Rules, which prompted this Court to order Plaintiff to properly file his Amended Complaint by August 1, 2023.  *See* [Doc. 9].  Plaintiff did so on July 31, 2023.  [Doc. 10].  The Court finds that the Amended Complaint was a procedurally proper amendment under Rule 15(a)(1)(B), as Defendant had not yet filed a responsive pleading and Plaintiff's 21-day clock to amend as a matter of right had not yet expired.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible"). The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, CADA makes it unlawful for an employer "to refuse to hire, to discharge, to promote or demote, to harass during the course of employment, or to discriminate in matters of compensation, terms, conditions, or privileges of employment against any individual otherwise qualified because of" that individual's age. Colo. Rev. Stat. § 24-34-402(1)(A)(I). The ADEA and CADA are counterparts, *see George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1197 (Colo. App. 1997), and courts apply the same standards to claims arising under the two statutes. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010); *Bodaghi v. Dep't of Nat. Res.*, 995 P.2d 288, 297–98 (Colo. 2000).

In discrimination cases alleging wrongful termination, "the elements of a prima facie age discrimination case are typically that the plaintiff was '(1) within the protected class of individuals 40 or older; (2) performing satisfactory work; (3) terminated from employment; and (4) replaced

by a younger person, although not necessarily one less than 40 years of age.'" *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1056 (10th Cir. 2020) (quoting *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008)). Although the *McDonnell Douglas* burden-shifting framework applies to claims under the ADEA and CADA, *see Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010); *Bodaghi*, 995 P.2d at 297–98, "[t]o survive a Rule 12(b)(6) motion to dismiss . . ., a plaintiff is not required to meet the *McDonnell Douglas* burden-shifting framework, where the initial burden is on a plaintiff to establish a prima facie case of discrimination," *Adenowo v. Denver Pub. Schs.*, No. 14-cv-02723-RM-MEH, 2015 WL 4511924, at *3 (D. Colo. June 17, 2015), *report and recommendation adopted*, 2015 WL 4504931 (D. Colo. July 24, 2015); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("[T]he 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint."). Indeed, the elements of a prima facie discrimination case are "neither rigid nor mechanistic," *Adamson*, 514 F.3d at 1146, and the Tenth Circuit has instructed that this is "particularly true in an age discrimination case," *Frappied*, 966 F.3d at 1056. However, the elements of a prima facie discrimination case assist a court in determining whether the plaintiff has stated a plausible claim for relief. *Khalik*, 671 F.3d at 1192.

Defendant first contends that Plaintiff fails to state a plausible age discrimination claim by setting out and individually attacking each allegation it construes as supporting the age discrimination claim. *See* [Doc. 14 at 6–10]. These arguments do not challenge any specific element of Plaintiff's prima facie case; rather, Defendant appears to argue that Plaintiff's allegations do not support an inference that Plaintiff's age was the but-for cause of his termination. [*Id.* at 8–10]; *see also Vazirabadi v. Denver Pub. Schs.*, No. 17-cv-01194-WJM-MEH, 2018 WL 3707918, at *3 ("[T]o ultimately succeed on [an ADEA] claim, the plaintiff 'must prove by a

preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision.'" (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009))).  To prevail on an ADEA claim, a plaintiff is not required to show that "age was the sole motivating factor in the employment decision," so long as the plaintiff can show that "age was the factor that made a difference." *Jones*, 617 F.3d at 1277 (quotations omitted).

According to Defendant, "while proving a younger worker filled a plaintiff's former position can be a helpful fact for a plaintiff alleging age discrimination, the fact alone does not establish a plausible claim for age discrimination." [Doc. 14 at 8].  It continues on to argue that Mr. Scribner "provides no facts that could be used to show Plaintiff's age was the cause of his separation of employment, and instead improperly relies on sheer speculation." [*Id.* at 11 (quotation omitted)].

The Court respectfully disagrees with Defendant that Plaintiff has not plausibly alleged facts giving rise to an inference of age discrimination in his termination.  First, the Court notes that a plaintiff need not establish a prima facie case of discrimination (or but-for causation) at the pleading stage. *Khalik*, 671 F.3d at 1192; *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible *evidentiary* standard, it should not be transposed into a rigid pleading standard for discrimination cases."  (emphasis added)); *Adenowo*, 2015 WL 4511924, at *4 (a plaintiff need not prove but-for causation at the pleading stage).  Instead, Plaintiff must put forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (quotation omitted), and the Court

may look to the prima facie elements to determine whether Plaintiff has met this threshold, *Khalik*, 671 F.3d at 1192.[2]

Setting this aside, to the extent Defendant argues that Plaintiff's allegation that he was replaced by a younger employee is insufficient to plausibly allege that his age led to his termination, *see* [Doc. 14 at 11–12], the Court respectfully disagrees. A number of courts in this District have held that allegations that the plaintiff was terminated and replaced by a younger employee are sufficient, at the pleading stage, to give rise to an inference of age discrimination. *See, e.g.*, *Dunham v. Neat Cap., Inc.*, No. 18-cv-01210-REB-KLM, 2018 WL 5267092, at *4 (D. Colo. Oct. 22, 2018) ("Plaintiff has alleged that he was replaced by a 'significantly' younger person. This allegation goes to circumstances which give rise to a[n] inference of unlawful discrimination. . . . At this early stage of the litigation, . . . alleging that the employee who replaced him was 'significantly younger' is sufficient."), *report and recommendation adopted*, (D. Colo. Dec. 7, 2018); *Vazirabadi*, 2018 WL 3707918, at *4 ("In addition to the hired individuals being

---

[2] In its Reply, Defendant argues that "this very Court has dismissed age claims under Rule 12(b)(6) when a plaintiff fails to plausibly allege 'but-for' causation," citing to *Beasley v. Kendall*, No. 22-cv-00971-NYW-MDB, 2023 WL 2824415 (D. Colo. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2824402 (D. Colo. Feb. 22, 2023), in support. [Doc. 21 at 2]. This is not an entirely accurate recitation of *Beasley*, which helps, rather than hurts, Plaintiff's case. In *Beasley*, Judge Dominguez Braswell issued a recommendation, *see* 2023 WL 2824415, at *16, which this Court adopted in full, *see* 2023 WL 2824402, at *1. Judge Dominguez Braswell recommended that the *Beasley* defendant's motion to dismiss be *denied* with respect to the plaintiff's ADEA discrimination claim. *See* 2023 WL 2824415, at *11–12. While she acknowledged that the plaintiff's allegations were "sparse[]," she found that allegations that the plaintiff was replaced by a younger employee during her suspension provided support for the plaintiff's claim that she was discriminated against because of her age. *Id.* at *11. As for Defendant's statement that this Court "has dismissed age claims" for failure to allege but-for causation, the Court notes that with respect to the *Beasley* plaintiff's *retaliation* claim, Judge Dominguez Braswell recommended that that claim be dismissed because there were insufficient factual allegations to establish a causal connection between the plaintiff's protected activity and the adverse employment action. *Id.* at *14–15. But a retaliation claim is legally and factually distinct from a discrimination claim, and this portion of the *Beasley* recommendation is not analogous to the present case.

significantly younger, Mr. Vazirabadi alleges they had substantially less experience than he.  At the pleading stage, this is sufficient to state a claim." (citation omitted)); *Daviss v. Sch. Dist. No. 1*, No. 14-cv-00795-CMA-KMT, 2015 WL 5315615, at *4 (D. Colo. Aug. 24, 2015) (finding that allegations that the defendant hired significantly younger employees to replace the plaintiffs, though "somewhat conclusory," were sufficient to allege but-for causation), *report and recommendation adopted*, 2015 WL 5308004 (D. Colo. Sept. 11, 2015).

The Court finds these cases more on-point than *Oldham v. Brennan*, 15-cv-02464-WJM-MJW, 2016 WL 7375328 (D. Colo. Dec. 20, 2016), which Defendant relies on for the proposition that "Plaintiff cannot maintain a claim for age discrimination by only vaguely alleging a younger worker may have filled Plaintiff's position with Defendant."  [Doc. 14 at 8].  *Oldham* is distinguishable in that it involved allegations of pay discrimination, rather than discrimination through termination.  2016 WL 7375328, at *6.  Thus, the *Oldham* court had no occasion to decide, and did not decide, whether allegations that the plaintiffs were replaced by younger workers were sufficient to infer age discrimination.  Similarly, the Court is respectfully unpersuaded by Defendant's reliance on *Ash v. Aurora Public Schools*, No. 18-cv-01280-CMA-MEH, 2019 WL 157995 (D. Colo. Jan. 10, 2019).  *See* [Doc. 21 at 2–4].  In *Ash*, the court dismissed the plaintiff's ADEA claim under Rule 12(b)(6) because, *inter alia*, the plaintiff had failed to allege facts to suggest that age was the but-for cause of his separation from employment.  2019 WL 157995, at *3.  But there is no indication that the *Ash* plaintiff's claim was based on allegations that he was replaced by a younger person after his separation from employment.  *See id*. at *1–2 (setting forth the *Ash* plaintiff's factual allegations); *see also id.* at *3 (concluding that the plaintiff had failed to "indicate that he was asked to resign *because* of his age or allege that his age was a motivating

factor behind his termination"). Like *Oldham*, the nature of the *Ash* plaintiff's discrimination allegations are distinguishable from Mr. Scribner's allegations here.

Similar to *Dunham*, *Vazirabadi*, and *Daviss*, Plaintiff alleges that he was terminated and replaced by a younger, less-experienced employee. *See* [Doc. 10 at ¶¶ 48, 80]. Although Durango Coca-Cola attacks what it sees as an "utter lack of specific factual support" in Plaintiff's allegations, [Doc. 14 at 11], the Court is mindful that there is an asymmetry of information between the Parties with respect to Defendant's motivations for terminating Plaintiff, and at the time Plaintiff filed his Amended Complaint, he had not yet had any opportunity to take any discovery in this case. Based on the weight of on-point authority in this District, the Court cannot conclude that dismissal is warranted on this basis.

In the alternative, Defendant argues that Plaintiff fails to allege, *inter alia*, "the actual age, identity, experience, or tenure of Plaintiff's purported replacement;" "Plaintiff's treatment as compared to younger similarly situated employees;" or "that Plaintiff was performing his job satisfactorily given his inability to physically perform tasks." [Doc. 14 at 12 (footnote omitted)]. Defendant does not cite any legal authority demonstrating that Plaintiff must allege the specific identity, age, or level of experience of his replacement to plausibly allege age discrimination. *See generally* [*id.*]. Plaintiff alleges that he was replaced by an employee "in their 30s," *see* [Doc. 11 at ¶ 52], and has thus alleged that he was replaced by a younger employee. Any failure to specifically identify the name, age, or experience level of Plaintiff's replacement, prior to discovery, does not render Plaintiff's age discrimination claim implausible. *Adenowo*, 2015 WL 4511924, at *3 (finding no issue with the plaintiff's failure to "include the specific age of the teacher who replaced him"); *Dunham*, 2018 WL 5267092, at *4 (finding the plaintiff sufficiently stated an age discrimination claim even where he did not "specify the age of his replacement or

any further facts regarding that person").   Nor does Defendant cite any legal authority for the proposition that, beyond alleging that he is a member of protected class, was performing satisfactory work, was terminated from his employment, and was replaced by a younger employee, *Frappied*, 966 F.3d at 1056, Plaintiff must also allege differential treatment between Plaintiff and younger employees during his employment at Durango Coca-Cola.   *See generally* [Doc. 14]. Indeed, Plaintiff's age discrimination claim is based on his termination, not differential treatment during the course of his employment.   *See* [Doc. 10 at ¶¶ 77, 80].   While those allegations could bolster Plaintiff's age discrimination claim, the Court does not find such allegations, which are not required to establish Plaintiff's prima facie case, *see Frappied*, 966 F.3d at 1056, necessary to state a claim under Rule 12(b)(6).

Insofar as Defendant contends that Plaintiff fails to plausibly allege facts demonstrating that Mr. Scribner was performing his job satisfactorily "given his inability to physically perform tasks," [Doc. 14 at 12], the Court respectfully disagrees.   Mr. Scribner alleges that physical labor was not part of his job description as a district sales manager and that Durango Coca-Cola never modified Plaintiff's job description to include physical labor, [Doc. 10 at ¶¶ 1, 12–14, 17], and that Durango Coca-Cola accepted all of Plaintiff's numerous work restrictions and modifications after his injury, [*id.* at ¶ 39].   Mr. Scribner was never disciplined at any time during his employment and was never told by Defendant that there were any concerns about his job performance or his ability to perform the role of district sales manager.   [*Id.* at ¶¶ 16, 40].   These allegations are sufficient to plausibly allege that Mr. Scribner was performing his job satisfactorily.   *See Dunham*, 2018 WL 5267092, at *3 (allegations that the plaintiff "worked diligently at his job and received no negative reviews or warnings regarding his job performance" were sufficient to satisfy the

second prima facie element).  Any factual determination about the sufficiency of Mr. Scribner's performance must be made by the jury, not this Court.

Finally, Durango Coca-Cola asserts that Plaintiff's allegations support only a theory that he was terminated based on his disability, not his age.  [Doc. 14 at 12–14].  It argues that the allegations in the Amended Complaint demonstrate that "it was Plaintiff's physical disability and his inability to perform required physical tasks, not his age, that were the cause of Plaintiff's termination."  [*Id.* at 13].  In support, Defendant asks this Court to compare the number of allegations supporting Plaintiff's age discrimination claim against the number of allegations supporting Plaintiff's three disability-based claims, arguing that an apparent discrepancy between the number of allegations demonstrates the inadequacy of Plaintiff's ADEA claim.  *See* [*id.* ("Contrasting the Complaint's more than seventy (70) factual allegations related to Plaintiff's First Three Causes of Action to the less than five (5) factual allegations for the Fourth Cause of Action suggests Plaintiff's age discrimination claim is merely a tacked-on claim without merit.")].

The Court believes that Defendant's argument would be more appropriately raised at a later stage in this litigation.  Indeed, accepting this argument would require the Court to not only construe Plaintiff's allegations and the reasonable inferences drawn therefrom in Defendant's favor, but to also jump ahead to the second step in the burden-shifting evidentiary *McDonnell Douglas* framework, which requires the employer to articulate a legitimate, nondiscriminatory reason for its adverse action.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The fact that there may be other plausible reasons behind Plaintiff's termination does not necessitate dismissal of Plaintiff's age discrimination claim under Rule 12(b)(6).  *See Jones*, 617 F.3d at 1277 ("[A]n employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as 'age was the factor that made a difference.'"  (quoting *Wilkerson v.*

*Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010))); *Minner v. Off. Depot, Inc.*, No. 19-cv-02934-LTB-STV, 2020 WL 3118519, at *3 (D. Colo. June 11, 2020) (rejecting the defendant's argument that the plaintiff "[could not] demonstrate age was the 'but-for' cause of his termination because he has alleged that he was terminated for other reasons as well"); *Vazirabadi*, 2018 WL 3707918, at *4 ("Mr. Vazirabadi's allegation that other factors contributed to DPS' hiring decision is not fatal to his ADEA claim at the pleading stage."). Nor is the Court persuaded that the true rationale underlying Plaintiff's termination may be revealed by counting the number of paragraphs in the Amended Complaint that support each of Plaintiff's legal theories. It is axiomatic that this Court "does not weigh the evidence, pass on the credibility of witnesses, or substitute [its] conclusions for that of the jury." *Minshall v. McGraw Hill Broad. Co., Inc.*, 323 F.3d 1273, 1279 (10th Cir. 2003) (quotation omitted)). It is the province of the jury, not this Court, to find facts, and this Court's role is limited to determining only whether Plaintiff's allegations, taken together and as true, are sufficient to plausibly allege a claim under the ADEA. At this stage in the case, the Court concludes that they are. *See Wooley v. Indigo Ag, Inc.*, No. 21-cv-00240-CMA-KLM, 2022 WL 4365982, at *3 (D. Colo. Sept. 21, 2022) (concluding that the plaintiff plausibly alleged age discrimination where he alleged that he was 50 years old, performed satisfactory work, was terminated from his employment, and replaced by a younger worker).

Accordingly, the Motion to Dismiss is respectfully **DENIED**.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1)     Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 14] is **DENIED**.

DATED:  October 24, 2023                            BY THE COURT:

                                                    _____
                                                    Nina Y. Wang
                                                    United States District Judge